UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CRISTAL IRONS,

                Plaintiff,                      MEMORANDUM AND ORDER
                                                          17-CV-7052

  - against -

INSTITUTE FOR COMMUNITY LIVING, INC. and
376 AUTUMN ASSOCIATES, LLC,

                Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Plaintiff Cristal Irons ("Plaintiff") brings this negligence action against Defendants Institute for Community Living, Inc. ("ICL") and 376 Autumn Associates, LLC ("376 Autumn") alleging in sum that they failed to prevent an assault on 376 Autumn's property by one of ICL's clients, which resulted in serious physical injury to Plaintiff. (ECF No. 2, "Compl."). Pending before the Court is 376 Autumn's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 19). For the reasons explained below, the motion is **GRANTED**.

## BACKGROUND

        Plaintiff is a New Jersey resident and is employed as a social worker. (Compl. ¶¶ 2, 11). ICL is a non-profit New York corporation that provides housing for people with disabilities, including at two of its leased apartments in a building owned by 376 Autumn. (*Id.* at ¶¶ 6-8, 12). Plaintiff alleges that on January 24, 2017, she was asked to visit one of ICL's clients, a resident at 376 Autumn's building (the "Resident"), when she was violently attacked by the Resident. (*Id.* at ¶ 11). She claims that she sustained life-threatening injuries and has been unable to return to work. (*Id.* at ¶¶ 13, 28). She also claims that both ICL and 376 Autumn previously received reports of violent behavior by the Resident. (*Id.* at ¶ 21).

1

**LEGAL STANDARD**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a Rule 12(b)(6) motion, the Court must accept the non-moving party's factual allegations as true and draw all reasonable inferences in its favor. *ATSI Commc'ns, Inc. v. Shaar Fund, LTD.*, 493 F.3d 87, 98 (2d Cir. 2007). But the Court may consider, in addition to the facts stated in the complaint, "any written instrument attached to the complaint," as well as "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *Id.*

**DISCUSSION**

To state a claim for negligence under New York law, Plaintiff must allege "(1) a legal duty owed by the defendant to protect the plaintiff against an unreasonable risk of harm; (2) a breach of that duty—or, to put it differently, a failure to conform to the standard of conduct prescribed by law for the protection of the plaintiff; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) damages suffered by the plaintiff as a result of the defendant's conduct." *Davis v. Port Auth. of New York & New Jersey*, 183 F. Supp. 3d 345, 347 (E.D.N.Y. 2016). Plaintiff alleges that both Defendants breached their duty of care by, among other things, "(a) failing to hospitalize the Resident; (2) failing to provide necessary medical care for the Resident; (c) failing to provide a security guard at the subject premises; (d) housing the Resident

at the subject premises; and (e) by requesting that the Plaintiff enter the subject premises and the Resident's apartment without any security and/or escort." (Compl. ¶ 32).

376 Autumn argues that Plaintiff failed to state a negligence claim against it because, as merely an owner of the apartment building, it "did not lease the subject apartment to the Resident . . . did not ask the Plaintiff to visit the premises for a social worker visit . . . did not employ either the Plaintiff or the Resident . . . and did not exercise control over the actions of the Resident." (ECF No. 19-2 at 10). It also argues that as an out-of-possession landlord, it is not liable for injuries that occur on the premises due to the criminal acts of third parties unless it has retained control over the premises or is contractually obligated to provide security. (*Id.* at 11).

"[L]andlords have a duty to take reasonable precautions to protect tenants and visitors from foreseeable harm, including foreseeable criminal conduct by third parties." *Karim v. 89th Jamaica Realty Co., L.P.*, 127 A.D.3d 1030, 1030, 7 N.Y.S.3d 488, 489 (2d Dep't 2015). This is due to the "recognition that such a duty arises by virtue of the party's ownership and control of the property, for the obvious reason that the person in possession of property ordinarily is in the best position to discover and *control* its dangers." *Blatt v. New York City Hous. Auth.*, 123 A.D.2d 591, 592, 506 N.Y.S.2d 877, 878–79 (2d Dep't 1986) (emphasis in original). "To establish that criminal acts were foreseeable, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location." *Karim*, 127 A.D.3d at 1030, 7 N.Y.S.3d at 489; *see also Jacqueline S. by Ludovina S. v. City of New York*, 81 N.Y.2d 288, 294, 614 N.E.2d 723, 725–26 (1993) (casting foreseeability as "past experience that there is a likelihood of conduct on the part of third persons which is likely to endanger the safety of the visitor.").

Plaintiff claims that 376 Autumn "allow[ed] the Resident to continue living at the subject premises after receiving reports of violent and volatile behavior by the Resident." (Compl. ¶ 21). Even accepting this allegation as true, which the Court must do at this stage, 376 Autumn has established, through its lease with ICL,[1] that it is an out-of-possession landlord who transferred possession of the Resident's apartment to ICL. As an out-of-possession landlord, 376 Autumn is only liable for criminal acts of third parties if it maintained control of the premises or was contractually obligated to maintain security. *Tambriz v. P.G.K. Luncheonette, Inc.*, 124 A.D.3d 626, 628, 2 N.Y.S.3d 150 (2d Dep't 2015). Plaintiff has not alleged either of those facts.

## CONCLUSION

Accordingly, for the reasons set forth above, 376 Autumn's motion to dismiss is **GRANTED** with prejudice.

SO ORDERED.

Dated:  Brooklyn, New York
        January 7, 2019

/s/\
I. Leo Glasser                                                            U.S.D.J.

---

[1] The Court considers the lease between ICL and 376 Autumn, (ECF No. 19-4), in connection with this motion to dismiss because it is known to the Plaintiff and she relied on it in establishing ownership of the premises. *ATSI Commc'ns*, 493 F.3d at 98.